UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.                                    403CR231

JOHNNIE LEE MCKNIGHT

## ORDER

Before the Court is defendant Johnnie Lee McKnight's Motion for a New Trial.[1] Doc. # 126. Briefly, a Georgia police officer pulled McKnight over and McKnight granted him permission to search his vehicle, where .45 caliber ammo and a .380 caliber handgun were found. Defendant admitted ownership of both items, and police later found $700 of counterfeit notes on him. A grand jury indicted him for felonious possession of a handgun and ammunition, as well as possession of counterfeit currency with an intent to defraud. A petit jury convicted him on all counts, he has unsuccessfully appealed, and his 28 U.S.C. § 2255 motion is pending. Doc. ## 62, 124, 128.

"Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution." *U.S. v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (quotes and cite omitted); *U.S. v. Porter*, 2008 WL 4140283 at * 4 (11th Cir. 9/9/08) (unpublished). Brought under F.R.Cr.P. 33,[2] such motions thus face a high standard. *U.S. v. Schlei*, 122 F.3d 944, 991 (11th Cir. 1997) (movant must establish that evidence was discovered after trial, failure of defendant to discover evidence was not due to lack of due diligence, evidence is not merely cumulative or impeaching, evidence is material to issues before court, and evidence is such that new trial would probably produce different result; failure to satisfy any one of these elements is fatal to motion for new trial).

McNight's motion, grounded principally on "newly discovered evidence," doc. # 126 at 2-3, fails because it does not come anywhere close to meeting that standard. One example is McKnight's "badge-number" claim, in which he insists that

> [t]he [newly discovered] evidence undisputably proves that the [arresting] officer's unit number at the time of this matter was 307 and not 508 as the officer misrepresented at trial, and it further assist [sic] in the ability to subpoena records on this vehicle (*e.g.*, the workout on the infamous malfunctioning camera). This information was not available at or before the hearing or trial due to the officer lying about, inter alia, the unit number of his work vehicle that he utilized everyday for so long.

Doc. # 126 at 3. As the Government explains:

> McKnight claims he is entitled to a new trial because Officer Kile [who had pulled him over] testified during trial that his badge number was "508," while the "newly discovered" dispatch tape reveals his badge number was "307 ." In fact ... Kile testified during trial, "I believe my unit number was 508." (Trial Transcript, p. 64). While it appears that at trial ... Kile was mistaken about his former badge number, the correct badge number - 307 - was listed on the

---

[1] This case was originally before the Hon. John F. Nangle but, since his passing, has been reassigned to the undersigned. Doc. # 138.

[2] F.R.Cr.P. 33(a) authorizes a court to "vacate any judgment and grant a new trial if the interest of justice so requires." *Id.* Under Rule 33(b)(1), "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." McNight's Rule 33 motion, then, was timely filed.

Incident Report provided to Defendant during discovery. (*See* attached Incident Report). If Defendant McKnight wished to "impeach" ... Kile on Defendant's cooked up "altered badge number theory," he needed only look at the discovery provided to him prior to trial. At best, Defendant McKnight's "new evidence" is cumulative and impeaching in nature.

Further, Defendant's "altered badge number theory" was not material to the issues at trial and would not have led to a different result. Former Corporal Kile's badge number was irrelevant to whether Defendant McKnight possessed ammunition and a handgun as a convicted felon, or whether he possessed more than $700 in counterfeit currency. Kile's badge number further had nothing to do with Defendant McKnight's multiple confessions regarding his possession of the gun and ammunition.

Doc. # 127 at 2-3.

All indicted defendants are entitled to a fair, not a perfect trial. McNight has not shown that he received anything less. Accordingly, the Court *DENIES* defendant Johnnie Lee McKnight's Motion for a New Trial. Doc. # 126.

McNight's F.R.Cr.P. 35(b)(2)(A) motion for a sentence reduction (doc. # 136) is also *DENIED*. He claims that, while in prison, he found and handed in a handcuff key, so he should receive a "substantial assistance" sentence reduction under Rule 36(b)(2)(A). Doc. # 136 at 1-3. As the Government correctly points out, however,

> McKnight does not represent that he has provided substantial assistance to the government in the investigation or prosecution of another individual. Rather, he urges the Court to reduce his sentence based on his surrender of contraband to BOP officials. This is not proper grounds for departure under Rule 35.

Doc. # 137 at 3.

Assisting prison security is *not* the same as assisting the Government in prosecuting other criminals. *See U.S. v. Chavarria-Herrara*, 15 F.3d 1033, 1037 (11th Cir. 1994) ("the district court may reduce a sentence under Rule 35(b) only to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person") (quotes and cite omitted); *cf. U.S. v. Manella*, 86 F.3d 201, 204 (11th Cir. 1996) (Rule 35, providing for sentencing reduction to reflect substantial assistance provided by defendant to government after sentencing does not prohibit consideration of factors other than defendant's substantial assistance; there is no limitation on what factors may militate against granting reduction, though substantial assistance is the only factor that may be considered in favor of reduction), *accord U.S. v. Ross*, 280 Fed.Appx. 896, 898 (11th Cir. 2008).

This __4__ day of November, 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA